**Allen TART, Plaintiff,**

v.

**Stanley YOUNG, et al., Defendants.**

**No. 7:00–CV–00625.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Sept. 28, 2001.

Allen Tart, MacDougall Correctional Institution, Suffield, CT, pro se.

Pamela Anne Sargent, Susan Foster Barr, Office of Attorney General, Richmond, VA, for Stanley K. Young.

Steven R. Strom, Assistant Attorney General, Hartford, CT, for John Armstrong.

## MEMORANDUM OPINION

KISER, Senior District Judge.

Plaintiff, Allen Tart, a Connecticut inmate [1] proceeding *pro se*, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. He names Stanley Young, the Warden of Wallens Ridge State Prison, and John Armstrong, the Commissioner of Correction for the State of Connecticut, as defendants. Plaintiff contends that while at Wallens Ridge State Prison ("WRSP") defendants violated his rights guaranteed by the Free Exercise Clause of the First Amendment when they denied him 1) an opportunity to participate in Native American group meetings; 2) use of herbs for ceremonial "smudging,"; [2] and 3) access to a sweat lodge. Plaintiff also alleges that Defendant Armstrong violated his rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment when defendant transferred him to WRSP. He seeks declaratory, injunctive, and monetary relief. Defendants Armstrong and Young have filed separate motions for summary judgment. The court notified the plaintiff of defendants' motions as required by *Roseboro v. Garrison,* 528 F.2d

---

1. At the time plaintiff initiated this lawsuit, he was temporarily in the custody of the Virginia Department of Corrections, housed at Wallens Ridge State Prison.

2. Smudging is a purification before prayer through the burning of sweet grass and other herbs.

309 (4th Cir.1975), and warned plaintiff that judgment might be granted for the defendants if the plaintiff did not respond to the motions. The plaintiff has responded to both defendants' motions for summary judgment. Therefore, the motions are now ripe for consideration.

Having considered the defendants' motions, together with plaintiff's responses and all other evidence related thereto, I have concluded that there are no genuine issues of material fact and that defendants are entitled to summary judgment as a matter of law. Thus, for the following reasons, defendants motion for summary judgment will be granted.

## I.

Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355 (4th Cir.1985). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the non-moving party may not rest on the mere allegations or denials of the pleadings. Instead, the non-moving party must respond by affidavits or otherwise and present specific facts showing that there is a genuine issue of disputed fact for trial. Fed.R.Civ.P. 56(e). If the non-moving party fails to show a genuine issue of fact, summary judgment, if appropriate, may be entered against the non-moving party.

## II.

Unless otherwise noted, the following facts are undisputed. Plaintiff is a Connecticut inmate, who was temporarily in the custody of the Virginia Department of Corrections, housed at WRSP. While there, plaintiff was denied participation in Native American group meetings. Pursuant to Institutional Operation Procedure (IOP) 850–7.4, WRSP has a policy which permits inmates to participate in religious group meetings. Under this regulation, an inmate must send a request to the Chaplain to be placed on the list for his religious group. The regulation applies to all inmates assigned to WRSP. Under IOP 850, religious groups vary from month to month depending on the prison population in the pod and are only accommodated if there is a request from more than one inmate in a pod.

In addition to plaintiff's request for group meetings, plaintiff requested the use of herbs for "smudging," and was denied. WRSP, however, permitted plaintiff to smudge with tobacco in his cell. Finally, plaintiff requested access to a sweat lodge.[3] The VDOC does not permit sweat lodges within the prison system.

## III.

### Claim (a): Free Exercise

In *Hines v. South Carolina Dept. of Corrections*, 148 F.3d 353 (4th Cir.1998),

---

**3.** A sweat lodge is a purification ceremony. Participants gather inside a small dome-shaped structure in which heated rocks are placed in the center of the structure and water is poured over the rocks.

the court analyzed an inmate's Free Exercise claim under the decisions of the United States Supreme Court in *Employment Div., Dep't of Human Resources v. Smith,* 494 U.S. 872, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990)(finding that a "generally applicable regulation" is constitutional even if it has an incidental effect on religious practice) and *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987)(finding that a regulation infringing on individual's religious practice is constitutional if the regulation is reasonably related to legitimate penological interests). Accordingly, I will analyze the plaintiff's Free Exercise claims under these same two tests.

The *Hines* court found that the South Carolina grooming requirements satisfied the *Smith* test because the policy proscribed conduct "without regard to whether that conduct is religiously motivated or not." 148 F.3d at 357, *citing Smith,* 494 U.S. at 876–79, 110 S.Ct. 1595. Similar to the goals advanced by the defendant prison authorities in *Hines,* WRSP's policy prohibiting smudging with herbs was enacted to promote the safety and security of the institution. In his affidavit, defendant Young related that smudging with nonaddictive tobacco decreases the threat to institutional security and prevents prisoners from burning "sacred herbs" to mask the smell of marijuana. Plaintiff has produced absolutely no evidence that defendants enacted the requirements preventing smudging with herbs, with the express intent to punish him for practicing his religious beliefs. Therefore, I find that defendants' policy as a whole is a generally applicable regulation, with only an incidental effect upon plaintiff's ability to practice his religious beliefs.

Under *O'Lone,* the Court held that a prison regulation may not restrict an inmate's Free Exercise rights unless the restriction is reasonably related to a legitimate penological interest. *O'Lone,* 482 U.S. at 349, 107 S.Ct. 2400. The *O'Lone* Court identified several factors relevant to this reasonableness determination: (1) a regulation must have a logical connection to legitimate governmental interests invoked to justify it; (2) the inmates should have alternative means of exercising their religious rights; and (3) accommodating the inmates rights should not severely impact other inmates, prison officials and allocation of prison resources generally. *See id* at 350–53, 107 S.Ct. 2400.

In this case, I find that WRSP's policy is reasonably related to a legitimate penological interest. First, the record is clear that WRSP enacted its policy prohibiting the use of herbs for smudging to maintain security and suppress the use of contraband. Defendant Young's affidavit cites several reasons for WRSP's prohibition of smudging with herbs: (1) defendants' interest in institutional security is jeopardized when an inmate smudges with herbs; (2) the fragrance from herbs can mask the smell of illicit drugs; and (3) personnel's inability to visually distinguish between "sacred herbs" and marijuana. It cannot be disputed that these are legitimate governmental and penological interests.

Second, the record indicates that WRSP provided plaintiff an opportunity to substitute smudging with nonaddictive tobacco. Therefore, plaintiff had alternative means of exercising his religious beliefs. Finally, the record demonstrates that smudging with herbs increases the potential threat to institutional security and allows inmates the opportunity to mask the smell and appearance of marijuana. Thus, accommodating plaintiff's religious beliefs by allowing him to use herbs to smudge would result in increased use of contraband, and could pose potential detriment to inmate

and staff safety. Based on the foregoing, I reject the plaintiff's theory that the defendants should permit smudging with herbs and find that WRSP's smudging policy is constitutional under the *O'Lone* test.

■ Denying plaintiff access to a sweat lodge does not offend Free Exercise principles because the *Smith* and *O'Lone* tests are satisfied. First, denying plaintiff access to a sweat lodge only has an incidental effect on plaintiff's religious beliefs and is a generally applicable policy. Similar to WRSP's goals in preventing use of herbs for smudging, WRSP denies access to sweat lodges to ensure the safety and security of the prison. Thus, defendants' actions do not offend the *Smith* test.

Applying the *O'Lone* analysis, I find that prohibiting access to sweat lodges is rationally related to preventing an extreme risk of safety and security of the prison. Second, alternative means remain open to Tart for exercising his religion, including smudging with tobacco in his cell. Third, accommodating Tart's request for a sweat lodge would have an adverse impact on prison staff, other inmates, and prison resources. Therefore, I hold that plaintiff's constitutional claim fails.

■ Plaintiff also claims that defendants violated his right to Free Exercise of his religious belief by failing to establish Native American group meetings. WRSP's policy on religious groups requires that all religious groups have more than one member from a pod. In plaintiff's complaint he alleges that more than one inmate sought participation in Native American group meetings. Defendants, however, offer evidence that plaintiff was the only inmate requesting Native American group meetings. Plaintiff fails to offer any evidence to the contrary. There is no indication that WRSP's policy was implemented to burden anyone's Free Exercise rights. Thus, although WRSP's policy

may have an incidental effect of preventing the inmates from forming group meetings when there are less than two interested inmates, under *Smith*, WRSP's policy is a neutral and generally applicable regulation and, therefore, does not violate the Free Exercise Clause. I conclude that defendants are entitled to summary judgment as a matter of law as to plaintiff's claims to the extent that it arises under § 1983 and the Free Exercise Clause.

## Claim (b): Equal Protection

■ Plaintiff alleges that defendant Armstrong violated his rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment, when defendant transferred him from MacDougall Correctional Institute in Connecticut to WRSP. In *City of Cleburne v. Cleburne Living Center., Inc.,* 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985), the Supreme Court held that to succeed on an Equal Protection claim, a plaintiff must demonstrate that he has been treated differently from individuals similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. First, plaintiff has produced absolutely no evidence demonstrating that he was treated differently from individuals similarly situated. Second, plaintiff has presented no evidence demonstrating that defendant Armstrong acted intentionally by transferring him to WRSP. Based on the foregoing, the court cannot find that defendant Armstrong violated plaintiff's equal protection rights by transferring him to WRSP. Finding no genuine issue of material fact in dispute as to plaintiff's equal protection claim, the court finds that defendants are entitled to summary judgment as a matter of law on the § 1983 portion of Claim (b).

The Clerk is directed to send certified copies of this memorandum opinion and

accompanying order to plaintiff and to counsel of record for the defendant(s).